IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MIKE SHEREF SCOTT, #291152 | * |
| Petitioner | * |
| v. | *    Civil Action No. AW-08-1987 |
| JOHN ROWLEY, et al | * |
| Respondents | * |
| | *** |

MEMORANDUM

Pending is Mike Sheref Scott's pro se petition as supplemented for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Scott claims that he was denied due process in a disciplinary proceeding at Roxbury Correctional Institution (RCI) which resulted in loss of dimunition of confinement credits.[2] Counsel for Respondents has filed an answer. Upon review of the pleadings, exhibits, and applicable law, the Court determines a hearing is unnecessary and the case is ripe for disposition. For the reasons that follow, the Court will deny the Petition.

**I.     Background**

---

[1] Although filed on a standard form for 28 U.S.C. § 2254 motions, the petition is properly construed under 28 U.S.C. § 2241 because it challenges the propriety of Scott's disciplinary hearing and loss of good time credits, not his state convictions upon which his imprisonment is predicated. Paper No. 4 "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. *Id.* at 811. This case presents a hybrid as it overlaps with 42 U.S.C. § 1983 insofar as violation of due process is alleged. It is unclear why Respondents' Answer includes the standard of review applied to § 2254 motions.

[2] Inmates may earn diminution of confinement credits to reduce the length of incarceration under the term of confinement, subject to future good behavior. Inmates are allowed a mandatory deduction of good conduct credits in advance from their terms of confinement, subject to future good behavior. *See* Md. Code Ann. Corr. Servs.§ 3-704(a). Other diminution credits may be earned for educational courses, industrial or work tasks, and special projects. *See id.* §§ 3-705-707. The DOC may revoke good conduct credits or special project credits for violation of DOC disciplinary rules. *See id.* § 3-709.

### A. Factual Background

Scott, presently housed at the North Branch Correctional Institution, is challenging his disciplinary conviction in 2002 for weapons possession. As a result of that conviction, he lost 695 days of good conduct credit and 55 days of special projects credit. Scott asserts that Hearing Officer Fred Nastri improperly found him in constructive possession of weapons. As relief, Scott requests reinstatement of the revoked good conduct and special project credits. Paper No. 3.

On June 11, 2002, Scott shared a cell with Antonio Lambert at the RCI. At approximately 9:30 p.m., Officers Ingram and Walker searched the inmate's cell. Lambert was in the cell at the time of the search; Scott was in the recreation hall ("rec hall"). As the officers entered the cell, Lambert walked to the area in front of the toilet and picked up two pieces of metal that were approximately 6 inches long and sharpened to a point on the end. Lambert placed the pieces of metal in the toilet, flushed, and turned around and put his hands behind his back to be cuffed. Exhibit 3, p. 1. No metal objects or weapons were recovered from the cell or plumbing.

During the cell search, the officers noticed that three pieces of metal had been removed from drawers located under the bunk and another piece of metal was bent. There was a gouge mark on the floor of the cell approximately ½ inch deep and three inches long. Some thirty minutes later, officers searched the the rec hall. Four pieces of metal were discovered there; one was sharpened to a point and another was a piece of bracket to a drawer that matched the drawer in the cell occupied by Scott and Lambert. Exhibit 3, p. 2.

### B. Procedural Background

### 1. Adjustment Hearing

On June 12, 2002, Scott was issued a notice of infraction and charged with violating DOC rules 105 (possession of a weapon) and 408 (destruction of property). Exhibit 3, p. 1. On June 19, 2002, DOC Hearing Officer Nastri conducted an adjustment hearing at which Scott was represented by another inmate. Scott, Lambert, Officer Ingram, and Officer Walker testified. Exhibit 3, pp. 5-8. Nastri also reviewed photographs taken of the cell and of the metal pieces found in the rec hall. Additionally, Nastri visited a cell with the inmates present to determine whether it was possible to flush pieces of metal such as those described by the officers down a cell toilet. Nastri confirmed that such pieces of metal could be flushed down a cell toilet.

Nastri found the officers' testimony was more credible than that of the inmates, and determined there was substantial evidence to meet the preponderance of the evidence standard to find guilt; Scott was convicted of violating rules 105 and 408, with the latter charges merged with the rule 105 violation. Nastri sanctioned Scott with 365 days of segregation, loss of six months visitation, revoked 695 days of good conduct credits, and revoked 55 days of special project credits.

### 2. Administrative and State Court Appeals

On July 8, 2002, the Warden approved the hearing officer's decision on appeal. Scott then filed a grievance with the Inmate Grievance Office ("IGO"). The matter was referred by the IGO to the Office of Administrative Hearings ("OAH"), and a hearing was held on December 18, 2002, before Administrative Law Judge (ALJ) D. Harrison Pratt. On March 11, 2003, ALJ Pratt denied and dismissed the grievance.

Scott appealed to the Circuit Court for Anne Arundel County. The Circuit Court

remanded the matter to the OAH for a new hearing because a transcript of the OAH proceeding was unavailable. A hearing was conducted on October 21, 2004, before ALJ Richard O'Connor. On January 19, 2005, ALJ O'Connor issued a Decision and Order denying and dismissing the grievance.

Scott petitioned for review of ALJ O'Connor's Decision and Order to the Circuit Court for Anne Arundel County. After a hearing, the Circuit Court affirmed in a Memorandum Opinion and Order entered on February 27, 2005. On February 4, 2008, the Maryland Court of Special Appeals denied Scott's application for leave to appeal.

**II.     Analysis**

The federal habeas corpus statutes grant a district court jurisdiction to entertain petitions for habeas corpus relief only for persons who are in custody in violation of the constitution or laws or treaties of the United States. See 28 U.S.C. §§ 2241(c)(3), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Where, as here, a petition attacking the execution of an inmate's sentence as it affects the fact or duration of the inmate's confinement is cognizable under 28 U.S.C. § 2241.
*See e.g. Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (state prisoner habeas petition challenging execution of sentence, rather than validity of conviction and/or sentence, is properly brought under 28 U.S.C. § 2241).

**A.  Due Process Requirements**

The Due Process Clause of the Fourteenth Amendment mandates limited procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interests, such as earned good conduct time. *See Wolff v. McDonnell*, 418

U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. *See id.* at 563-64. Prison disciplinary proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply." *Id.* at 566.

Further, "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985). Ascertaining whether [the "some evidence"] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.'" *Id.* 472 U.S. at 457.

It is important to note here that Scott does not claim his disciplinary hearing failed to satisfy the guarantees mandated by *Wolff*. In fact, the record shows that the minimal due process requisites under *Wolff* were met: Scott was given written notification of the allegations against him prior to the disciplinary hearing (Exhibit 3, p. 1); he was provided written notification of the disciplinary procedure and his rights associated with it (*see id.*); and he received written notification of the hearing officer's findings which included a statement of the evidence relied upon and the reasons that the specific sanctions were imposed. The due process requirements of *Wolff* were thus satisfied.

Further, the hearing officer's findings are supported by the record. Scott does not dispute the finding of the hearing officer that pieces of metal were missing from the drawer under the bunk, there was a gouge mark in the cell floor, and that he shared a cell with Lambert. For the purposes of prison discipline, Scott had a possessory interest in the cell. This evidence was sufficient to find Scott in constructive possession of the weapons. The unrefuted evidence, coupled with the finding that Lambert had actual possession, was sufficient to find Scott had constructive possession. "In other words, Inmate Scott knew." ALJ Pratt's Findings of Fact, Paper No. 12, p. 8. The hearing officer's decision is supported by "some evidence in the record." *See Superintendent*, 472 U.S. at 454. There is no cause to award relief.

### III.     Conclusion

The petition fails to demonstrate a violation of the constitution or laws of the United States. There is no basis for habeas corpus relief and the Court will deny the petition by separate order.

Date:  February 25, 2010

_____/s/_____
Alexander Williams, Jr.
United States District Judge